## S93Y0292. IN THE MATTER OF WALTER S. CHEW.

(448 SE2d 443)

PER CURIAM.

The Office of General Counsel of the State Bar of Georgia filed a Notice of Discipline recommending disbarment against Respondent Walter S. Chew. The Notice of Discipline found that Chew violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, etc.), 61 (failing to notify client of receipt of funds), 63 (failing to maintain complete client records of all client funds coming into his possession), 65 (commingling client and personal monies and failing to account for trust property), and 68 (failing to respond to disciplinary authorities).

Chew failed to timely respond to the Notice of Discipline. This Court initially disbarred him, but upon his motion for reconsideration, this Court remanded the case to the special master to determine if Chew was physically and mentally unable to respond to the proceedings.

. After an evidentiary hearing, the special master found that Chew was not impaired. The special master specifically found that: (1) he admitted that he received the Notice of Discipline, but "stuck it in a drawer and did not even open it"; (2) he provided documents to the Bar in a recent investigation of his law partner, however when the investigation began to focus on him, Chew failed to respond in any manner; (3) there was no medical evidence that he had a drug or mental problem; and (4) Chew continued to work on a daily basis, try cases, and pay all necessary bills during the period in which he failed to respond to the Notice. Chew failed to file exceptions to the special master's report.

The review panel accepted the findings of the special master, and recommends that this Court also find that Chew was not physically or mentally unable to respond to the Notice of Discipline.

After considering the record in this case, this Court hereby finds that Respondent Walter S. Chew failed to timely respond to the Notice of Discipline recommending disbarment, and that such failure was not due to a physical or mental impairment. It is thus hereby ordered that Chew is disbarred from the practice of law in Georgia and his name be removed from the roll of those individuals entitled to practice law in this State. Chew is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interest of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 3, 1994.

*William P. Smith III, General Counsel State Bar, Jeffrey R. Davis, Assistant General Counsel State Bar,* for State Bar of Georgia.